# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLAKUNLE OLA,<br><br>    Plaintiff(s),<br><br>    v.<br><br>GALAXE SOLUTIONS INC *et al*,<br><br>    Defendant(s). | Case No. 8:24-cv-00345-JWH(DFMx)<br><br>**SELF-REPRESENTATION ORDER** |

One or more of the parties to this action has elected to appear *pro se*; that is, without a lawyer. If you are a party and you are not represented in this case by a lawyer, this Order is addressed to you.

You, as well as all individuals appearing before this Court, are not required to retain the services of a lawyer or to obtain the advice of counsel. Individual litigants may represent themselves *pro se*, but corporations and associations **must** be represented by counsel. *See Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) (unincorporated associations); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) (corporations). In addition, non-attorney litigants may not represent other individual litigants or trusts for which they serve as trustee. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (minor children); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (trust); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants). A partner may not represent his or her own interest in a partnership *pro se*, and a sole shareholder may not represent a corporation. *See In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (partner); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (shareholder).

Proceeding without a lawyer poses significant risks to a litigant, and this Court wishes to make some of those risks known to you at the outset of this case. Those risks include the following:

- Generally speaking, non-attorney litigants are less likely to be victorious than those assisted by counsel.
- The opposing party may have a lawyer, and that lawyer's duty is to achieve victory for his or her client. He or she will take every step legally permissible to that end.
- The Court is a neutral adjudicator of the law. The role of the judge is to resolve disputes arising between the parties in accordance with the law.

Accordingly, the judge cannot assist you, cannot answer your legal questions, and cannot take sides in the dispute. Nor can any members of the judge's staff.

- You will be proceeding alone in federal court, in a complex area where experience and professional training are greatly desired.

Simply stated, when you elect to proceed *pro se*, you are on your own, and you become personally responsible for litigating your action in accordance with the rules. Practice in the federal courts is governed by the Federal Rules of Civil Procedure. You *must* become familiar with these rules. You will be held to the same standards as a lawyer as far as complying with the Court procedures and the rules and regulations of the Court system.

Because litigating an action in federal court often requires a great deal of time, preparation, knowledge, and skill, this Court highly recommends against proceeding without the assistance of counsel. Some attorneys will represent clients on a contingency fee basis, whereby the fees associated with representation are subtracted from a judgment in favor of the client.[1] If you wish to continue without counsel—fully understanding the risks—you are hereby ordered to review carefully the remainder of this Order, as it contains instructions for proceeding in this Court which you *must* follow.

This Order, while not comprehensive—and not a substitute for fully familiarizing yourself with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the United States District Court for the Central District of California, the Orders of this Court, including the Court's Standing Order, Scheduling and Case Management Order, and Civil Trial Order, as well as federal and state case law applicable to this action—is intended

---

[1] The Los Angeles County Bar Association Lawyer Referral and Information Service may be able to refer you to a lawyer who may or may not be willing to take your case on a contingency basis.

to bring certain aspects of law and motion practice to your attention at an early stage in the litigation to remedy problems commonly associated with *pro se* pleadings.[2]

**Communications with Chambers:** Pursuant to L.R. 83-2.11, parties ***shall refrain*** from writing letters to the judge, making telephone calls to chambers, or otherwise communicating with a judge unless opposing counsel is present. You may contact the Courtroom Deputy, at 714-338-4768 or JWH_Chambers@cacd.uscourts.gov, with appropriate inquiries. The Courtroom Deputy is ***not*** an attorney, and she will not provide you with any legal advice. The Courtroom Deputy cannot waive any of the requirements of this, or any other, Order. If you wish to bring any matter to the attention of the Court, you ***must*** do so in writing, and you must file it and serve it on the opposing party.

**Jurisdiction:** The Federal Rules of Civil Procedure require that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." L.R. 8-1. ***This is extremely important.*** Unlike state courts, federal courts are not courts of general jurisdiction, and they can only preside over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331 (1986). In other words, the party filing the action must ***prove*** to the Court that jurisdiction over the action exists ***before*** the Court can reach the merits of the complaint. *See Smith v. McCullough*, 270 U.S. 456, 459,

---

[2] The Local Rules for the United States District Court for the Central District of California are available on the district court's website: www.cacd.uscourts.gov.

-4-

46 S. Ct. 338, 339 (1926) (A "plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction. . . .").

Federal jurisdiction may be alleged either pursuant to 28 U.S.C. § 1331 for actions "arising under the Constitution, laws, or treaties of the United States," otherwise known as "federal question" jurisdiction, or 28 U.S.C. § 1332 as an action "between citizens of different States," otherwise known as "diversity" jurisdiction.

To allege federal question jurisdiction, the complaint should identify which right(s) the plaintiff(s) claim have been violated, and which law, statute, or constitutional amendment provides that right. *See Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir. 1983).

Diversity jurisdiction has ***two*** requirements. First, diversity jurisdiction requires complete diversity of citizenship; that is, all plaintiffs must have a different citizenship from all defendants. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402 (1978). Residence and citizenship are distinct concepts, with significantly different jurisdictional ramifications: "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221 (1989). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Corporations are citizens of both their state of incorporation and the state in which they have their principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

Unincorporated associations are citizens of the states of each member. *See Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Second, when jurisdiction is based on diversity of citizenship, district courts do not have original jurisdiction unless a party alleges an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

Finally, you should understand that it is ***insufficient*** for a party merely to assert that jurisdiction exists. Instead, that party must allege sufficient ***facts*** to allow the Court to determine whether it has jurisdiction over the action.

**Service:** Service is the formal delivery of a legal pleading. The Federal Rules of Civil Procedure have different requirements for service to be effective depending on the type of entity to be served: service on an individual within the United States is governed by Rule 4(e) of the Federal Rules of Civil Procedure; corporations and associations must be served in conformity with Rule 4(h); the United States and its agencies must be served pursuant to Rule 4(i); and state and local governmental units require service under Rule 4(j).

Time limits for service of the complaint are set forth in Rule 4(m) of the Federal Rules of Civil Procedure. It is important to serve the opposing party promptly and properly—especially with the summons and complaint when initiating an action—because ***failure to serve within the time limits specified by the Federal Rules will result in the dismissal of your action for lack of prosecution.*** You ***must always*** inform the Court whenever you serve a filing on an opposing party; this is done by filing a proof of service. *See* Fed. R. Civ. P. 4(l).

**Discovery:** Discovery is the mechanism by which the parties to an action collect from one another evidence relating to the case. Certain information is expected to be provided to the other side without a request. *See* Fed. R. Civ. P. 26(a). If the other side seeks to obtain discovery from you, then you must cooperate and provide the information sought on "any matter, not

privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The principal forms of discovery envisioned by the Federal Rules are the production and inspection of documents, requests for admissions, depositions, and interrogatories. Discovery disputes are resolved by, and should be brought to the attention of, the magistrate judge assigned to the action. Discovery should begin early in the litigation and may commence before the Scheduling Conference.

**Motions:** Motions are requests to this Court to make a specified ruling or order. The opposing party may file a motion to dismiss your action, pursuant to Rule 12 of the Federal Rules of Civil Procedure, or a motion for summary judgment pursuant to Rule 56. If the opposing party files and serves a motion on you, you *must* oppose it if you disagree with the requested relief. ***Failure to oppose an otherwise properly supported motion may result in the Court granting that motion.*** *See* L.R. 7-12. ***Depending on the motion, this may result in the dismissal of your case.***

To oppose a motion, you *must* present the Court with a statement explaining the basis of your opposition and the legal authority supporting your contentions. You *must* also file any evidence upon which you intend to base your opposition to a motion for summary judgment. Pursuant to L.R. 7-9, your opposition is due, at the latest, twenty-one (21) days before the date designated for the hearing of the motion. If you need additional time to oppose the motion, you *must* file and serve an *ex parte* application requesting an extension of time *before* the date on which your opposition is due and you *must* demonstrate that the additional time you seek is warranted and that the requested extension is not a crisis of your creation, thus precluding you from seeking *ex parte* relief. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

**Motion to Dismiss:** A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim, tests the legal sufficiency of the claims asserted in the complaint. A dismissal under Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Court must deny the motion unless it appears that the plaintiff can prove no set of facts that would entitle him or her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the Court is not bound to assume the truth of legal conclusions merely because they are stated in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is proper if a complaint is vague or conclusory, or if it fails to set forth any material facts in support of the allegations. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

**Motion for Summary Judgment:** Summary judgment may be granted when there are no material facts in dispute between the parties, making a trial unnecessary. To resist summary judgment under Rule 56 of the Federal Rules of Civil Procedure, you ***must*** submit affidavits or other documentary evidence, such as depositions and answers to interrogatories, which set forth specific facts showing there is a genuine issue for trial. *See Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Your failure to do so may result in the entry of summary judgment against you. You should also note that Rule 56(e) requires that affidavits or declarations shall be made on personal knowledge, shall set forth facts that are admissible as evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. ***If you fail to***

*contradict the moving party evidence with counter-affidavits, declarations, or other evidence, then the moving party's evidence may be taken as the truth and final judgment may be entered against you without a trial, thus ending your case.* See *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

To address a summary judgment motion effectively, you should be aware of, and should be familiar with, the following United States Supreme Court cases on summary judgment: *Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986).

**IT IS SO ORDERED.**

Dated: February 27, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE